J-S31029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSE PAGAN | : | |
| | : | |
| Appellant | : | No. 1602 EDA 2020 |

Appeal from the Judgment of Sentence Entered March 12, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003909-2019

BEFORE:   STABILE, J., KING, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY KING, J.:                    **FILED NOVEMBER 9, 2021**

Appellant, Jose Pagan, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for unlawful contact with a minor, endangering the welfare of children, corruption of minors, and indecent assault.  (**See** 18 Pa.C.S.A. §§ 6318(a)(1), 4304(a)(1), 6301(a)(1)(ii), and 3126(a)(1)).  We affirm.

On December 12, 2019, a jury convicted Appellant of the above-mentioned crimes in connection with Appellant's sexual assault on his girlfriend's 17-year-old daughter.  The court sentenced Appellant on March 12, 2020, to an aggregate 8 to 16 years' imprisonment, plus 3 years' probation.  Appellant timely filed a post-sentence motion on March 19, 2020,

_____

[*] Retired Senior Judge assigned to the Superior Court.

which was denied by operation of law on July 20, 2020. Appellant timely appealed on August 17, 2020. On October 13, 2020, the court ordered Appellant to file a concise statement of errors. Appellant complied.

Appellant raises one issue on appeal challenging the discretionary aspects of sentencing. Specifically, Appellant complains that the court imposed an "unduly harsh" and "excessive sentence" where the court issued consecutive sentences for his convictions even though they stemmed from a single criminal incident. Appellant insists the court failed to consider mitigating factors such as his mental health and substance abuse issues, and that the court did not impose the least restrictive sentence necessary to effectuate the aims of Pennsylvania's sentencing laws. For the following reasons, Appellant is not entitled to relief.

Preliminarily, a challenge to the discretionary aspects of sentencing is not automatically reviewable. ***Commonwealth v. Hunter***, 768 A.2d 1136 (Pa.Super. 2001), *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal[;] (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence[;] (3) whether appellant's brief has a fatal defect[;] and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

Significantly, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a timely filed post-sentence motion. *Commonwealth v. Griffin*, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013). "This failure cannot be cured by submitting the challenge in a Rule 1925(b) statement." *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa.Super. 2004), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004).

Additionally, a substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa.Super. 2000) (internal citation omitted). An allegation that the sentencing court failed to consider mitigating factors generally does not raise a substantial question. *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010).

Instantly, Appellant filed a timely post-sentence motion on March 19, 2020. Significantly, Appellant challenged **only** the court's alleged disregard of mitigating factors. (*See* Post-Sentence Motion, filed 3/19/20, at 1) (requesting reconsideration of sentence based on Appellant's "serious mental health and substance abuse issues" and because his "criminal record mostly consists of Retail Theft and Drug Possession charges"). Appellant mentioned nothing about the excessiveness or unduly harsh nature of the sentence, or

any of the other arguments Appellant now advances on appeal. Appellant's failure to preserve those claims in the post-sentence motion constitutes waiver on appeal. **See Griffin, supra**; **McAfee, supra**. Further, Appellant's sole preserved issue challenging the failure to consider mitigating factors does not raise a substantial question.[1] **See Moury, supra**. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/09/2021

---

[1] Moreover, the court explained that it thoroughly considered the sentencing guidelines, pre-sentence investigation report, mental health assessments, unique facts of this assault, as well as Appellant's criminal history and background. The court acknowledged that Appellant "posed a huge risk of recidivism," "demonstrated zero remorse," was a danger to society, and "demonstrated carelessness and arrogance." (Trial Court Opinion, filed 4/8/21, at 16-17). On this record, we see no abuse of the court's sentencing discretion. **See Commonwealth v. Fullin**, 892 A.2d 843 (Pa.Super. 2006) (setting forth this Court's standard of review).